IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**AMINA MIAN**

Plaintiff,

v.

**COLORADO SPRINGS HOTEL OWNER, LLC.**

## COMPLAINT AND JURY DEMAND

The Plaintiff, Amina Mian, by and through her undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint and Jury Demand and asserts:

## JURISDICTION AND VENUE

1. At all times relevant to this action, the Plaintiff, Amina Mian (hereinafter referred to as "Plaintiff"), resided in the State of Texas at 11438 Cyprus Elm Ct., Richmond, TX 77406. Plaintiff is domiciled in Texas.

2. Upon information and belief, at all times relevant to this action, the Defendant, Colorado Springs Hotel Owner, LLC, was and is incorporated in the State of Delaware with authorization to conduct business in the State of Colorado. Defendant's principal place of business is located at 5580 Tech Center Dr., Colorado Springs, CO 80919. Defendant's registered agent is Corporation Service Company, 1900 W. Littleton Blvd., Littleton, Colorado 80120.

3. As Plaintiff is domiciled in Texas and Defendant is domiciled in Delaware, the parties are diverse.

4. Upon information and belief, this action arises out of a slip and fall incident that occurred on December 28, 2020, in El Paso County, Colorado, at one of Defendant's places of business located at 5580 Tech Center Dr., Colorado Springs, CO 80919 (hereinafter referred to as the "Premises").

5. Plaintiff has received, *inter alia*, $391,282.23 in past medical bills. Given that, Plaintiff contends that this case exceeds the $75,000 jurisdictional threshold.

## FACTUAL ALLEGATIONS

6. Upon information and belief, at all times relevant to this action, Defendant was a statutory "landowner" under C.R.S. § 13-21-115, responsible for the condition of the Premises, as well as any activities conducted or circumstances existing on the Premises.

7. Upon information and belief, at all times relevant to this action, Defendant was responsible for maintaining the exterior walkable property on the Premises for snow and ice accumulation.

8. On or about December 28, 2020, at approximately 7:30 p.m., Plaintiff was walking down a set of exterior steps at the Premises and slipped on snow and ice ("the incident").

9. At the time of the incident, Plaintiff was a statutory invitee.

10. Ice and snow covering steps is a well-known dangerous condition.

11. At the time of the incident, Defendant knew or should have known that hotel guests of the Premises, such as Plaintiff, would be using the steps where and when the incident occurred.

12. At all times relevant to this action, Defendant had a duty to exercise reasonable care in maintaining the exterior steps on the Premises.

13. At all times relevant to this action, Defendant was to use reasonable care to ensure the safety of its customers and invitees traversing the Premises.

14. At all times relevant to this action, Defendant knew, or should have known, that the steps where the incident occurred needed to be clear of dangerous conditions to ensure the safety of its customers and invitees, such as Plaintiff.

15. On December 28, 2020, Defendant failed to mitigate the ice and snow where the incident occurred.

16. Plaintiff was not comparatively negligent at the time of the incident.

17. Plaintiff did not cause her incident-related injuries.

18. Defendant's failure to maintain the Premises in a reasonably safe condition was the direct and proximate cause of Plaintiff's incident-related injuries and damages.

19. As a direct and proximate result of the aforementioned incident, Plaintiff incurred past and future economic expenses, losses, and damages, including, but not limited to, medical expenses, rehabilitation expenses, and other economic losses.

20. As a direct and proximate result of the aforementioned incident, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages, including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

21. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered, and will continue to suffer in the future, physical impairment and disfigurement.

## FIRST CLAIM FOR RELIEF

### Statutory Premises Liability pursuant to C.R.S. § 13-21-115

22. Plaintiff incorporates herein by this reference the allegations set forth with specificity in the preceding paragraphs of this Civil Complaint and Jury Demand, as if set forth *verbatim*.

23. Defendant, as a "landowner" of the Premises, had a duty to use reasonable care to maintain the Premises in a reasonably safe manner on the date and place set forth above, pursuant to C.R.S. § 13-21-115.

24. At all times relevant to this action, Plaintiff was an "invitee" of the Premises.

25. At all times relevant to this action, Plaintiff walking on the steps where the incident occurred was foreseeable, as were Plaintiff's resulting injuries.

26. At all times relevant to this action, Defendant knew, or should have known, that a dangerous condition existed at the place set forth above on the Premises.

27. At all times relevant to this action, Defendant had a duty to use reasonable care to protect its customers and invitees, such as Plaintiff, against dangerous conditions on the Premises.

28. Defendant failed to use reasonable care to protect Plaintiff against the Premise's dangerous condition in the following respects:

   a. Failure to inspect the exterior property, including the stairs where the incident occurred, of the Premises for snow and ice accumulation;

   b. Failure to mitigate the exterior property, including the stairs where the incident occurred, of the Premises for snow and ice accumulation;

    c. Failure to train its employees to inspect and mitigate the exterior property of the Premises for snow and ice;

    d. Failure to supervise its employees to make sure the exterior property, including the stairs where the incident occurred, were reasonably cleared of snow and ice;

    e. Failure to deploy ice melt in the area of the incident;

    f. Failure to close the area where the incident occurred to hotel guests;

    g. Failure to display warning signs of snow and ice in the area of the incident;

    h. Failure to monitor meteorological conditions to know when and how to mitigate the snow and ice deposited on the exterior property;

    i. Failure to supervise a property management company to make sure the snow and ice was appropriately mitigated in the area of the incident; and

    j. Failure to craft discrete policies for when ice and snow inspection and mitigation should occur.

29. Defendant's above-referenced failure to exercise reasonable care to protect Plaintiff from the dangers discussed above was a direct and proximate cause of Plaintiff's injuries.

30. Defendant's breach of the aforementioned duties caused Plaintiff to sustain past and future damages as indicated above.

## SECOND CLAIM FOR RELIEF

### Negligence

31.     Plaintiff incorporates herein by this reference the allegations set forth with specificity in the preceding paragraphs of this Civil Complaint and Jury Demand, as if set forth *verbatim*.

32.     Defendant had a duty to maintain its property in a reasonably safe condition to protect the safety of its guests at the Premises.

33.     Defendant breached this duty in the following respects:

    a. Failure to inspect the exterior property, including the stairs where the incident occurred, of the Premises for snow and ice accumulation;

    b. Failure to mitigate the exterior property, including the stairs where the incident occurred, of the Premises for snow and ice accumulation;

    c. Failure to train its employees to inspect and mitigate the exterior property of the Premises for snow and ice;

    d. Failure to supervise its employees to make sure the exterior property, including the stairs where the incident occurred, were reasonably cleared of snow and ice;

    e. Failure to deploy ice melt in the area of the incident;

    f. Failure to close the area where the incident occurred to hotel guests;

    g. Failure to display warning signs of snow and ice in the area of the incident;

    h. Failure to monitor meteorological conditions to know when and how to mitigate the snow and ice deposited on the exterior property;

    i. Failure to supervise a property management company to make sure the snow and ice was appropriately mitigated in the area of the incident; and

j.  Failure to craft discrete policies for when ice and snow inspection and mitigation should occur.

34. Due to Defendant's breach, Plaintiff suffered injury and incurred medical bills as described above.

## **JURY REQUEST**

Trial to a jury of six (6) is requested on all issues so triable.

**WHEREFORE**, the Plaintiff, Amina Mian, prays for judgment against Defendant Colorado Springs Hotel Owner, LLC, in an amount to be determined by the trier of fact for Plaintiff's losses as set forth above and for costs, expert witness fees, filing fees, pre- and post-judgment interest, and such other further relief and the Court may deem appropriate, just, and proper.

Respectfully submitted this 21st day of September, 2022.

ZANER HARDEN LAW, LLP

*/s/ Joseph Woelkers*
Joseph Woelkers
ZANER HARDEN LAW, LLP
1610 Wynkoop St. #300
Denver, CO 80202
Telephone: 303-563-5354
Fax: 303-563-5351
Email: jw@zanerhardenlaw.com
*Attorney for Plaintiff*